**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-7184**

_____

NATHANIEL R. WEBB,

       Plaintiff - Appellant,

   v.

WARDEN JOHN GODFREY; MARSHALL PIKE; JANICE GRIMES; NURSE MCCORMICK; MR. MARTIN,

       Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-ct-03342-D)

_____

Submitted:  April 29, 2022                   Decided:  August 24, 2022

_____

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

Nathaniel R. Webb, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel R. Webb seeks to appeal the district court's orders denying his motions for default judgment and a preliminary injunction. We dismiss in part and affirm in part.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The district court's denial of Webb's motion for default judgment is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss this portion of the appeal.

We do, however, have jurisdiction to review the district court's denial of Webb's requests for preliminary injunctive relief. *See* 28 U.S.C. § 1292(a)(1). We review the district court's denial of injunctive relief for abuse of discretion. *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020). "Abuse of discretion is a deferential standard, and we may not reverse so long as the district court's account of the evidence is plausible in light of the record viewed in its entirety." *Id.* (cleaned up).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Roe*, 947 F.3d at 219 (internal quotation marks omitted). Upon a review of the record, we conclude that the district court did not abuse its discretion in determining that Webb failed to meet this burden. Moreover, despite

2

Webb's arguments to the contrary, the district court was not required to hold a hearing prior to denying injunctive relief. *See* Fed. R. Civ. P. 65(a).

We therefore dismiss the portion of this appeal challenging the district court's denial of default judgment and affirm the district court's denial of injunctive relief. We deny as moot Webb's motions to appoint counsel and to expedite this court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*